# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY JAMES EDWARDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-584-BAJ-EWD** |
| **LOUISIANA CVS PHARMACY, LLC, ET AL.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 24, 2017.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

G. Edwards - Certified Mail - 7004 1160 0003 2648 4174
7004 1160 0003 2648 4082
7004 1160 0003 2648 4099
7004 1160 0003 2648 4105

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GREGORY JAMES EDWARDS**                    **CIVIL ACTION**

**VERSUS**                                   **NO. 16-584-BAJ-EWD**

**LOUISIANA CVS PHARMACY,
LLC, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was set for a Show Cause hearing on January 11, 2017 requiring the plaintiff to personally appear before the undersigned Magistrate Judge to show cause as to why plaintiff has failed to comply with a court order on two occasions. The Clerk of Court was instructed to send a copy of the order to plaintiff via certified mail at four different addresses[1] as plaintiff had failed to keep the court apprised of his current mailing address. On January 19, 2017, January 20, 2017 and February 21, 2017, the court received notice that mail was returned as undeliverable from all four addresses.

Prior to the setting of the show cause hearing, the court had issued a Scheduling Conference Order[2] requiring the parties to submit a Status Report. The Joint Status Report[3] states that plaintiff's counsel had made attempts to contact the plaintiff and "have been unable to communicate or make contact with Plaintiff, James G. Edwards, despite diligent and repeated

---

[1] The addresses were 1356 Scenic Highway, Baton Rouge, LA 70802, which is the address currently listed for the *pro se* Plaintiff on CM/ECF; 8017 Skysail Avenue, Baton Rouge, LA 70820; 1747 Port Drive, #4, Baton Rouge, Louisiana 70820, and 4343 Denham Street, #1506, Baton Rouge, LA 70805. These were all addresses provided by Plaintiff's prior counsel in their Unopposed Motion to Withdraw as Counsel of Record. (R. Doc. 9, ¶2). The undersigned's check of tracking for the United States Postal Service indicates that former counsel's correspondence sent to the 1747 Port Drive #4 address and the 8017 Skysail Avenue address were delivered. The correspondence sent to the other two addresses does not appear to have been delivered.
[2] R. Doc. 3
[3] R. Doc. 4

efforts to determine if damages exceed $75,000, exclusive of interest and costs."[4]  The court reset the scheduling conference and extended the deadline for the status report to be filed.[5]

Shortly after the matter was reset, plaintiff's counsel filed an Unopposed Motion to Withdraw as Counsel of Record,[6] which the court subsequently granted.[7] Within the motion, plaintiff's counsel stated the plaintiff consented to the withdrawal in writing. A status report was due by December 8, 2016 and defendant's counsel filed an Amended Joint Status Report[8] stating again that plaintiff failed to respond.

As stated above, the undersigned then issued an Order to Show Cause via certified mail, return receipt requested to Plaintiff at the four addresses provided by Plaintiff's prior counsel. That mail was returned as undeliverable to all four addresses.[9]

Pursuant to Local Civil Rule 41(b)(4) of the Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute a cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty (30) days.  As a practical matter, the case cannot proceed without an address where the plaintiff may be reached and where he may receive pertinent pleadings, notices or rulings.  Here, it appears that Plaintiff did not respond to Defendants' attempt to contact him to provide information for the Joint Status Report and the Court has had items it sent to four different addresses for Plaintiff returned as undeliverable.

---

4 *Id*. at p. 1
5 R. Doc. 8
6 R. Doc. 9
7 R. Doc. 10
8 R. Doc. 11
9 R. Docs. 14, 15, 17 and 18.

Accordingly,

## **RECOMMENDATION**

It is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Local Civil Rule 41(b)(4).

**IT IS ORDERED** that the Clerk of Court is to provide this Magistrate Judge's Report and Recommendation to Plaintiff via certified mail, return receipt requested at the following addresses: 1356 Scenic Highway, Baton Rouge, Louisiana 70802; 8017 Skysail Avenue, Baton Rouge, Louisiana 70820; 1747 Port Drive, #4, Baton Rouge, Louisiana 70820; and 4343 Denham Street, #1506, Baton Rouge, Louisiana 70805.

Signed in Baton Rouge, Louisiana, on February 24, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

3